IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **CHRISTOPHER L. JOHNSON,** | |
| Plaintiff, | |
| v. | Case No. 23-cv-3360-NJR |
| **MENARD CORRECTIONAL CENTER,** | |
| Defendant. | |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff Christopher L. Johnson, an inmate of the Illinois Department of Corrections ("IDOC") who is currently incarcerated at Menard Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Johnson alleges he had inadequate access to laundry services while housed at Menard.

This case is now before the Court for preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

## The Complaint

In his Complaint, Johnson makes the following allegations: On May 22, 2023, Johnson transferred to Menard Correctional Center. From the time he arrived at Menard

1

until August 23, 2023, he used the same bar of soap to wash both his body and his clothes (Doc. 1, p. 7). Although Johnson alleges that IDOC's rule book states that there should be available laundry services and/or a weekly exchange of institutional clothing, Johnson was not offered those services while in restrictive housing. He was also denied access to medical services for anti-fungal and itch cream, although he fails to indicate when he submitted those sick call request slips or who he spoke to about his need for medical care. He only lists Menard Correctional Center as a defendant.

## Discussion

Simply put, Johnson fails to state a viable claim. Although it appears that Johnson may be seeking to raise either an Eighth Amendment conditions of confinement claim for his lack of access to laundry services or an Eighth Amendment deliberate indifference to medical needs claim due to his lack of access to medical care for a possible fungal infection, Johnson fails to include any suable entity or individual as a defendant. He only sues Menard Correctional Center, which is not a suable entity. *See Thomas v. Illinois*, 697 F.3d 612, 613 (7th Cir. 2012); *Smith v. Knox County Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012). To the extent that Johnson seeks to allege an Eighth Amendment claim for either the conditions he experienced due to the lack of laundry services or for his lack of medical treatment for a possible fungal infection, Johnson fails to provide enough facts to state a claim. He fails to include any allegations regarding who he told about his lack of laundry services and the harm he suffered due to the lack of those services. As to his medical claim, he fails to allege when he developed the infection, when he submitted sick call requests, and/or who he spoke to about his need for medical care. Without such pertinent

information, Johnson fails to state a claim. *See* 28 U.S.C. § 1915A; Fed. R. Civ. P. 8. *See also DiLeo v. Ernst & Young*, 901 F.2d 624, 627 (7th Cir. 1990) (A successful Complaint generally alleges "the who, what, when, where, and how….").

Thus, Johnson's Complaint is **DISMISSED without prejudice**, but he is **GRANTED** leave to file an Amended Complaint.

## Pending Motions

As to his request for counsel (Doc. 2), Johnson states that he contacted one law firm, who declined to take his case. He also alleges that he lacks any knowledge of the law. He fails to indicate, however, when he contacted the listed law firm or if he made any effort to contact any other law firms for representation. Thus, the Court finds that Johnson has not made a reasonable attempt to obtain counsel on his own. *See Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007) (The two-fold inquiry asks (1) has the indigent plaintiff made a reasonable effort to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself.). Johnson's motion for counsel is, therefore, **DENIED**. Should Johnson choose to move for recruitment of counsel in the future, the Court **DIRECTS** him to (1) contact at least three attorneys regarding representation in this case prior to filing another motion, (2) include in the motion the name and addresses of at least three attorneys he has contacted, and (3) if available, attach the letters from the attorneys who declined representation. Johnson should also include in his motion a specific statement as to why he believes recruitment of counsel is necessary in this case.

## Disposition

For the reasons stated above, Johnson's Complaint is **DISMISSED without prejudice**. He is **GRANTED** leave to file a "First Amended Complaint" on or before **November 14, 2023**. Should he fail to file his First Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the entire case shall be dismissed with prejudice for failure to comply with a court order and/or for failure to prosecute his claims. Fed. R. Civ. P. 41(b). *See generally Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga,* 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2). The dismissal shall count as one of Johnson's three allotted "strikes" under 28 U.S.C. § 1915(g).

An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004). The Court will not accept piecemeal amendments to the original Complaint. Thus, the First Amended Complaint must stand on its own, without reference to any previous pleading, and Johnson must re-file any exhibits he wishes the Court to consider along with the First Amended Complaint. The First Amended Complaint is subject to review pursuant to 28 U.S.C. § 1915A.

Finally, Johnson is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **seven days** after a transfer or other change in address occurs. Failure to comply

with this Order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

DATED:  October 17, 2023

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**